**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25038-GAYLES**

SHENZHEN JIAXIN TECHNOLOGY
CO., LTD.,

      **Plaintiff,**

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      **Defendants.**

_____/

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Effect Alternative Service of Process by Electronic Means (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised.

In its Motion, Plaintiff requests an order authorizing alternative service of process on Defendants via electronic mail ("e-mail"), electronic message through the marketplace platforms, and website posting. Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who Plaintiff believes reside in or operate from China and conduct business in the United States exclusively through online marketplace storefronts. *See* [ECF No. 6].

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under

(f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted and the means of service proposed by Plaintiff are acceptable. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. The Court notes that China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention. *See* [ECF No. 6–1]. But the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. *Id*. Where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sep. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service). "A court acting under Rule 4(f)(3) therefore remains free to order

alternative means of service where [the] signatory nation" at issue "has not expressly objected to those means." *Karsten Mfg. Corp. v. Janit Store,* No. 18- 61624-CIV, 2018 U.S. Dist. LEXIS 225682, at* 3–4 (S.D. Fla. July 26, 2018). Accordingly, the requested service methods are not prohibited by international agreement.

Additionally, due process is not offended by the proposed methods of service. Defendants use at least one known and valid form of electronic contact, and Plaintiff has created a website solely to provide notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and website posting is "reasonably calculated, under all circumstances, to apprise . . . [Defendants] of the pendency of the action and afford [it] an opportunity to present their objections." *Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail, electronic message through the marketplace platforms, and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 6], is **GRANTED**. Plaintiff shall serve the Summonses, Complaint, and all filings in this matter upon Defendants identified on Schedule A by:

a. e-mail to the electronic addresses associated with Defendants' storefronts and records;

b. electronic message through the marketplace platforms; and

3

c.   where e-mail is undeliverable, posting to a dedicated webpage with notice through the marketplace messaging systems.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of July 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**