**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25038-DPG**

SHENZHEN JIAXIN TECHNOLOGY
CO., LTD.,

  **Plaintiff,**

**v.**

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

  **Defendants.**

_____/

## <u>TEMPORARY RESTRAINING ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Temporary Restraining Order ("Motion"). [ECF No. 5]. The Court has reviewed the Motion and the record and is otherwise fully advised. Based thereon, the Court finds as follows:

1. Plaintiff has demonstrated a likelihood of success on the merits of its claim for infringement of U.S. Design Patent No. D1,073,837 S.

2. Plaintiff will suffer immediate and irreparable injury absent relief.

3. The balance of equities favors Plaintiff, and the public interest supports the requested relief.

4. Good cause and the requirements of Federal Rule of Civil Procedure 65(b) support entry of this Order *ex parte* because providing notice to Defendants would render the relief ineffective.

5.      The Court further finds that it has authority to restrain Defendants' assets, and the assets held on their behalf by third-party marketplaces, payment processors, and financial institutions, to preserve Plaintiff's ability to obtain equitable relief, including an accounting of Defendants' profits. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1315–16 (11th Cir. 2004).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      Defendants, and all persons acting in concert with them, are **TEMPORARILY RESTRAINED** from making, using, importing, advertising, offering for sale, or selling any product that infringes U.S. Design Patent No. D1,073,837 S, including the products offered through the storefronts and listings identified on Schedule A.

2.      The marketplace platforms, payment processors, and financial institutions holding funds or accounts associated with Defendants or the storefronts identified on Schedule A shall, upon receipt of this Order, temporarily restrain and prohibit the transfer, withdrawal, or disposal of funds and assets in those accounts, up to the amounts traceable to Defendants' infringing sales, pending further order of the Court.

3.      The marketplace platforms shall temporarily disable and remove the infringing product listings and storefronts identified on Schedule A.

4.      Plaintiff shall post bond in the amount of $5000 as security pursuant to Rule 65(c).

5.      A hearing is set before this Court in the United States Courthouse located at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Courtroom 11-1, Miami, Florida on **August 13, 2026, at 12:00 p.m.**, at which time Defendants

and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction.

6. This Order shall remain in effect for fourteen (14) days from the date and time of entry unless extended for good cause shown or by consent of the parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

3