**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-25038-DPG**

**SHENZHEN JIAXIN TECHNOLOGY CO., LTD.,**

**Plaintiff**,

**v.**

**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**

**Defendants.**
_______________________________/

**PRELIMINARY INJUNCTION**

**THIS CAUSE** came before the Court upon Plaintiff Shenzhen Jiaxin Technology Co. Ltd.'s request for entry of a Preliminary Injunction. [ECF No. 5]. On August 8, 2026, the Court entered the Temporary Restraining Order, [ECF No. 16], and set a hearing to determine whether a preliminary injunction should be issued. The Court conducted a duly noticed preliminary injunction hearing on September 3, 2026. The Court has considered the record and argument of counsel. For the reasons stated on the record and set forth below, Plaintiff Shenzhen Jiaxin Technology Co. Ltd.'s request for entry of a Preliminary Injunction is **GRANTED**.

1. Plaintiff has demonstrated a substantial likelihood of success on the merits of its claim for infringement of United States Design Patent No. D1,073,837 S.

2. Plaintiff will suffer immediate and irreparable injury absent relief.

3. The balance of the equities favors Plaintiff, and the public interest supports the relief granted herein.

4. Defendants were served with process by the alternative electronic means and had notice of these proceedings and an opportunity to be heard. However, Defendants have not appeared or responded.

5. The Court has authority to restrain Defendants' assets, and the assets held on their behalf by third-party marketplaces, payment processors, and financial institutions to preserve Plaintiff's ability to obtain equitable relief, including an accounting of the Defendants' profits. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1315–16 (11th Cir. 2004).

6. Defendants ShenZhenShiYingHongKeJiYouXianGongSi d/b/a SEETOHOME (Defendant No. 1), Shenzhen Yuncen Trading Co., Ltd. d/b/a Deyhoc (Defendant No. 3), Dongguanshimengtuwangluokejiyouxiangongsi d/b/a PuppyuWill (Defendant No. 4), and Shenzhen Yan Zhilin Technology Co., Ltd. d/b/a sidergonu (Defendant No. 6) have been dismissed with prejudice, [ECF Nos. 24, 28], and the asset restraints as to those Defendants have been dissolved, [ECF Nos. 25, 29]. This Preliminary Injunction does not apply to those Defendants.

7. Defendant Jinhua Yingxu Import and Export Company Limited d/b/a INSUM (Defendant No. 8) has agreed to settle but has not yet been dismissed. The asset restraint as to Defendant No. 8 remains necessary to preserve the status quo and to secure performance of that settlement pending its completion.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's request for a Preliminary Injunction is **GRANTED** as follows:

a. Defendants Ningboshifenghuaquruixinjikejiyouxiangongsi d/b/a JGV (Defendant No. 2; Amazon Seller ID AUDUGDO0F0Q8F), Shenzhen Shi Yizhi Maoyi Youxian Gongsi d/b/a FindUWill (Defendant No. 5; Amazon Seller ID

A3QCL6JWCE6OBB), and Shenzhen Binzhi Hulian Trading Co., Ltd. d/b/a JCLEAL (Defendant No. 7; Amazon Seller ID AI9LG1HE39V2J) (collectively, the "Enjoined Defendants"), and all persons acting in concert or participation with them, are **PRELIMINARILY ENJOINED** from making, using, importing, advertising, offering for sale, or selling any product that infringes United States Design Patent No. D1,073,837 S, including the products offered through the storefronts and listings identified on Schedule A.

b. The marketplace platforms, payment processors, and financial institutions holding funds or accounts associated with the Enjoined Defendants or with Defendant No. 8, Jinhua Yingxu Import and Export Company Limited d/b/a INSUM (Amazon Seller ID A3BT40O3MC6SG9) (together with the Enjoined Defendants, the "Restrained Defendants"), or the storefronts identified on Schedule A, shall continue to restrain and prohibit the transfer, withdrawal, or disposal of funds and assets in those accounts, up to the amounts traceable to the Restrained Defendants' infringing sales, pending further order of the Court.

c. The marketplace platforms shall continue to disable and remove the infringing product listings and storefronts of the Enjoined Defendants identified on Schedule A.

d. The asset restraint as to Defendant No. 8 (INSUM) provided in Paragraph 2 shall remain in effect notwithstanding the parties' settlement, until Plaintiff notifies the Court that the settlement has been fully performed or the Court orders otherwise, at which time Plaintiff shall move to dismiss Defendant No. 8 and to dissolve the asset restraint as to it.

e. The bond in the amount of $5,000 posted by Plaintiff pursuant to Federal Rule of Civil Procedure 65(c) shall remain with the Clerk as security for this preliminary injunction.

f. This Preliminary Injunction supersedes the Temporary Restraining Order, [ECF No. 16], as to the Restrained Defendants and shall remain in effect during the pendency of this action until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**